UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case NO.: 4:17-CR-00484-RLW |
| ANTHONY WOOTEN | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDUM

COMES NOW Defendant Anthony Wooten ("Wooten") by and through counsel and files the following memorandum for sentencing:

18 U.S.C. § 3553 obliges this Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. See 18 U.S.C. § 3553 (a) (2)(A)-(D). Those purposes are as follows:

(A) to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provided the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

In calculating the minimally sufficient sentence, this Court must consider the factors below:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to accomplish each of the purposes of

sentencing listed in § 3553 (a)(2);

(3) the kinds of sentences available;

(4) the guidelines promulgated by the Sentencing Commission;

(5) any pertinent policy statement issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and

(7) the need to provide restitution to the victims

18 U.S.C. § 3553 (a). The guidelines constitute one factor this Court must consider in determining the minimally sufficient sentence to impose. See United States v. Winters, 416 F 3d 856, 861 (8th Cir. 2005) they deserve no greater weight than any other factor. Id. Importantly that one factor excluded from its calculus information relevant to the individualized form of sentencing envisioned by Booker and codified at 18 U.S.C. § 3553(a). Here, that information suggest that a sentence of 24 months will better promote the obligation imposed on this Court by § 3553 (A) than will a sentence with the advised imprisonment range of 27 to 33 months.

Finally, no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. §3661.

Statistically, Wooten's relationship with his children proves significant. In 1999, federal and state prisons housed some 1,284,994 people[1]. See United States Department of Justice, Office of Justice Programs, Bureau of Justice Statistics, *Incarcerated Parents and their Children* at 3 (August 2000). 721,5000 of them were parents. *Id* at 1. A minority of them lived with at least one of their children in the month prior to their arrest: 46%. Id. At 5. Women comprised the largest segment of that class. Id. At 7. Fathers comprised a small fraction thereof 145. Id. Even few fathers lived alone with at least one of their children prior to their arrest.

[1] By 2011, that number grew to 2,266,800. See United States Department of Justice, Office of Justice Programs, Bureau of Justice statistics, Prisoner in 2011 at 1 (November 2012) (revised January 19, 2012.) 4% Id. These statistics reveal the extraordinary absence of incarcerated fathers from the daily lives of their children. They reveal, too, the extraordinary nature of Wooten's presence in the life's of his children. The facts reveal the same.

Throughout the lives of each of his children, Wooten has been a constant caregiver. He has bathe, fed, and clothed each of children. He has played and read to them all. He emphasized education as each grew. He has driven them all to school/daycare and made certain that each complete their homework and provided them the encouragement that each needed.

Wooten shares a unique relationship with his children relative to the mass of incarceration fathers and their children. The limits imposed on that relationship incarceration will imposed on Wooten a correspondingly unique pain equally unknown to the mass of incarcerated fathers. The Guidelines exclude consideration of that pain from

3

its calculus. To the extent that they do so, the Guidelines underestimate the degree of punishment its advised imprisonment range will imposed on Wooten and prove greater than necessary to promote the objective of just punishment.

**Argument**

In imposing sentence, this Court should consider any and all factors which contribute to appropriate sentence. The advisory guideline but one factor for consideration and deserve no greater weight than any other factor. U.S. v. Winters, 416 F.3d856, 861(8th Cir. 2005). In this case, the advisory guidelines recommend a range of 27 to 33 months imprisonment. The probation office indentified several factors under 18 U.S.C. § 3553(a) that may warrant a variance and imposition of non-guideline sentence based upon the history and characteristics of the defendant. {see PRS ¶ 84}. Specifically, Wooten, who was primarily cared for by his mother Nicey Wooten, who was a drug addict throughout Wooten's entire childhood. Consequently Wooten did not have any responsible adult(s) that could provide him the nurture and guidance that all children require. In addition, on May 2, 2017 Wooten's brother Freddie Donald, was shot and killed, which left Wooten with strong feelings of anxiety and paranoia. {See PSR ¶ 84} In light of the following factors, a sentence below the advisory guideline range is reasonable and appropriate in this case.

**Wooten's rational fear and need to protect himself**

Following the May 2, 2017 shooting death of Wooten's brother Freddie Donald by reputed street killers and robbers, Wooten learned that he was their next target. On or about August 1, 2017, Wooten saw these individuals outside the Dismus House. Believing these individuals were at the Dismus House to kill him, Wooten in fear of

4

his life decided to leave the Dismus House. This information placed Wooten in extreme fear and on high alert causing him to carry a firearm to protect himself and his family.

**B. Wooten is an excellent candidate for Rehabilitation.**

Rehabilitation is a goal of punishment. See § 3553(a)(2)(D). Therefore, hope for future rehabilitation is a factor worthy of consideration. The goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is a necessary condition of mankind . . ." U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005). In Carvajal, the defendant faced a guideline range of 262-327 months; however, the court sentenced him to 168 months, reasoning, "A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment." Id.

The successful rehabilitation of a criminal is a valuable achievement of the criminal process. Since rehabilitation may not be a basis for incarceration but must be considered as a basis for sentencing, Congress must have anticipated that sentencing judges would use their authority, in appropriate cases, to reduce a defendant's sentence to permit him to continue his rehabilitation in the most effective manner. See U.S. v. Rosado, 254 F.Supp.2d 316, 321 S.D.N.Y. 2003).

In Rosado, the court considered the following as factors that would indicate a likelihood for rehabilitation: (1) defendant's age, (2) drug and alcohol rehabilitation, (3) successful completion of the state's shock incarceration program, (4) obtaining a GED and certificates of achievement earned while in state custody, (5) gainful

employment and (6) an apparent break with his criminal comrades and a renewed commitment to his family. The court imposed a sentence of 30 months, well below the advised 46 to 57 month guidelines range in order to allow the defendant to continue his rehabilitative efforts in the community. Id.

    Wooten has much to look forward to if he is sent to prison for twenty four months. He is a relatively young man, with much hope for the future. He hopes to continue to pursue his interest as an automobile mechanic.

WHEREFORE, the defendant respectfully requests this Court impose a sentence of twenty four months.


                                    Respectfully Submitted,


                              /s/ Jermaine Wooten
                              Jermaine Wooten
                              4144 Lindell Ste 225
                              St. Louis MO 63108
                              Office 314-531-1708
                              Faxsimile 314-652-8775
                              wootenjlaw1@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case NO.: 4:17-CR-000484RLW |
| ) | |
| ANTHONY WOOTEN ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019 the foregoing was filed electronically with the Clerk of the Court to be served by operations of the Court's Electronic filing system upon counsel for the Plaintiff, United States of America:

**Sentencing Memorandum**

/s/ Jermaine Wooten
Jermaine Wooten
4144 Lindell Ste 225
St. Louis MO 63108
Office 314-531-1708
Faxsimile 314-652-8775
wootenjlaw1@aol.com